## KIRTLAND and others *vs.* SCHANCK and others.

The defendants, being lessees of a certain building, occupied the two lower floors thereof, and the plaintiffs occupied, under them, the lofts over the stores. The lease to the defendants being about to expire, a verbal agreement was made, between the parties, that the defendants should obtain a new lease of the premises, from the owner, at the lowest possible rent, for a term of years, and divide the rents, with the plaintiffs, and sub-let to them the lofts, at an annual rent of one half the amount required to be paid for the whole building. The complaint alleged that the defendants subsequently obtained a new lease of the entire premises, from the owner, for three years, at an annual rent of $17,000. That they concealed from the plaintiffs the true terms and conditions of such lease, and falsely represented to them that they were obliged to pay a rent of $19,000 per annum; by means of which false representations the plaintiffs were induced to sign a lease for a larger sum than one-half of the actual rent of the whole building, viz: for $9500 a year. The prayer was that the lease so obtained from the plaintiffs might be reformed, so that the plaintiffs should not be obliged, by the terms thereof, to pay more than $8500 a year. *Held* that if the statements in the complaint were true, the facts were sufficient to warrant the court in reforming the lease; or, at any rate, in relieving the plaintiffs from the obligation to pay more than one half of the entire rent.

*Held, also*, that the statute of frauds was not applicable to the case. That the allegation being that the lease was obtained by fraudulent representations, and was executed under misstatements of the defendants, the parol agreement was sufficient to sustain the action.

APPEAL, by the plaintiffs, from a judgment dismissing the complaint, ordered at a special term, on a trial before the court without a jury.

Prior to February, 1865, the plaintiffs, who composed the firm of Kirtland, Bronson & Co., occupied four lofts

of the stores Nos. 45 and 47, Chambers street, New York, and the defendants occupied the two lower floors of the same. The plaintiffs hired from the defendants, who held under a lease which was about to expire, the 1st of May, 1865. In December, 1864, one of the plaintiffs called on the defendant Schanck, to see about a new lease after May. Schanck said he had not seen the landlord—had made no arrangement yet, but would do so in a few days, and would let the plaintiff know what he would let him have it for. Afterwards the plaintiff saw him again about it, and he said he had not seen the landlord yet, and told the plaintiff not to hurry the matter, as he did not want to be too anxious about getting it, on account of getting it cheaper. A few days after, the defendant came to the plaintiff and said he had not seen the landlord yet, and presumed he would have to give more than he anticipated; but said, " if you will keep away from the landlord I will do the best I can for you, and we will pay half each ; and if I get it, will you agree to that ?" The plaintiff said he would. The matter stood so for a time, when the defendant came to the plaintiff, and said to him, that he had to give more than he had anticipated, and the plaintiff's half was $9500. The plaintiff had been paying but $6000 for the same lofts, and said, in reply, "very well ; I am sorry you could not do better." The defendant said, " that is the best I could do." The plaintiff said, "I will stand by my agreement. Make out a lease;" which the defendant made out, charging the plaintiff $9500 a year, for three years; which lease the plaintiff signed, believing the defendant paid $19,000 a year for the premises. Otherwise he would not have done so. The plaintiffs did not discover the deception practiced on them until their lease, which was for three years, was about to expire, and not until after they had paid the rent up to and including the quarter due February 1, 1868.

The prayer of the complaint was for judgment declaring

that said lease was obtained from the plaintiffs by misrepresentation, fraud, and deceit, and that the defendants might be adjudged and decreed to reform the same, so that the plaintiffs should not be obliged, by the terms thereof, to pay any other, or greater, sum than $8500 per year. That an account might be taken between the plaintiffs and the defendants under said fraudulent lease, and if it should be found that the sums actually paid by them exceed, in the aggregate, the whole amount which they ought to have paid, namely, the sum of $25,500, during the whole of said three years, that the defendants might be adjudged to repay the same to the plaintiffs, with interest from the times the same was so paid by them, &c.

When the plaintiffs rested their case, the defendants moved to dismiss the complaint; which motion, notwithstanding the plaintiffs' objection, was granted by the judge below. To this ruling and decision the plaintiffs excepted.

*Geo. C. Genet,* for the appellants.

I. The plaintiffs' exception to the judge's ruling on the defendants' motion to dismiss the complaint was well taken. The defendants undertook to act as the common agents of both, in obtaining a new lease of the stores they occupied; the division, and the amount to be paid by each for his share, being specified. This constituted the defendants the agents of the plaintiffs, in obtaining the new lease; and, in equity, trustees. As such, they cannot make any profit out of the plaintiffs. (*Willink* v. *Vanderveer,* 1 *Barb.* 609. *Massey* v. *Davies,* 2 *Ves. Jr.* 317. *Morey* v. *Herrick,* 18 *Penn.* 128. *Moore* v. *Moore,* 5 *N. Y.* 256. *Dobson* v. *Racey,* 8 *id* 216. *Bruce* v. *Davenport,* 36 *Barb.* 349.)

II. The evidence shows an ingenious and successful fraud practiced by the defendants on the plaintiffs, culminating in the plaintiffs' signing a lease, which they

could not have been induced to sign by any other means. Fraud, once established, raises an implied trust, or a trust by operation of law. Fraud, and all transactions carried on *mala fide,* have not been held to be within the statute of frauds since the decision of Lord Hardwicke, in *Lloyd* v. *Spillet,* (2 *Atk.* 150; *S. C., Barnardist.* 384; 2 *Spence's Eq.* 194; 2 *Fonb.* 117;) *Pym* v. *Blackburn,* (3 *Ves. Jr.* 39, *and cases in note a ;) Stevens* v. *Cooper,* (1 *John. Ch.* 429.) Equity gives relief against deeds, writings, solemn assurances, judgments and decrees, if obtained by fraud and imposition. (*Reigal* v. *Wood,* 1 *John. Ch.* 402. 1 *Ves.* 120, 284, 289. *Spence's Eq.* 624, *and note.* *Gale* v. *Gale,* 19 *Barb.* 251. *Thompson* v. *Graham,* 1 *Paige,* 384. *Apthorpe* v. *Comstock, Hopk.* 143; *affirmed,* 8 *Cowen,* 384.) Fraudulent securities may be reformed. (*DePeyster* v. *Hasbrouck,* 11 *N. Y.* 591. *Mead* v. *Bunn,* 32 *id* 275. *Mayne* v. *Griswold,* 3 *Sandf.* 463. *Morey* v. *Herrick,* 18 *Penn.* 118.) This was a fraud. (*Van Epps* v. *Harrison,* 5 *Hill,* 63. *Willink* v. *Vanderveer,* 1 *Barb.* 606.) The plaintiffs were wholly deceived. Schanck promised them they should have their part of the stores for just one half of what he could get it for. After he had got the lease from the landlord, he came to them and represented that he had to give more than he had anticipated; that their half was $9500. The plaintiffs expressed regret; when he said that was the best he could do. Believing these representations to be true, and having given their word, they signed the lease, agreeing to pay him $9500 a year. This was an actual and positive misrepresentation of a material fact, by which the plaintiffs were led into agreeing to give more rent than they otherwise would, and was a positive fraud. (*Van Epps* v. *Harrison,* 5 *Hill,* 63. *Willink* v. *Vanderveer,* 1 *Barb.* 599.) The plaintiffs were prevented by the defendants' devices, from making proper inquiries; they were induced to forbear doing what they would otherwise probably have done, and they are not chargeable with neglect. (*Mead* v.

*Bunn*, 32 *N. Y.* 275. *Morey* v. *Herrick*, 18 *Penn.* 128.)
The theory upon which the defendants acted was, that the
plaintiffs were their just game. They knew very well the
plaintiffs would not give any advanced rent over what they
were then paying, unless they were worked into it; so
they first got the plaintiffs to stay away from the landlord,
and to agree upon half the rent as a fair division, then
cheated them by their misrepresentation as to the amount.

III. The judge not only dismissed the complaint on the
plaintiffs' evidence, as not showing any cause of action
whatever, but he made findings of fact and law. The
findings of fact are intended to show that the defendants
never said anything to the plaintiffs, other than that they
would consider what they would let them have the store
for; consequently, that they had never said or done any-
thing to deceive them. Immediately after, follow conclu-
sions of law, which concede that the defendants did agree
to let the plaintiffs have their part of the stores at some
price less than is contained in the lease they signed; other-
wise, it was useless to find that the conversations between
Kirtland and Schanck did not constitute a valid contract,
within the statute of frauds, and that the lease, as executed,
was the only valid contract betweeen them.

IV. The findings of law are contrary to law. The
plaintiffs did not rely on these conversations solely as a
contract; they gave them in evidence to show a fraud
committed against them, of which they formed a part, and
which may always be proved by parol, even to avoid the
statute of frauds. (*Story's Eq.* § 330. *Jaques* v. *Statham*,
3 *Sim.* 388. *Willink* v. *Vanderveer*, 1 *Barb.* 599.) The
statute of frauds expressly excepts such a case as this from
its provisions. (2 *R. S.* 135, § 7.) Fraud and all transac-
tions carried on *mala fide*, have not been held to be within
the statute of frauds. (*Cases cited above.*) In *Young* v.
*Peachy*, (2 *Atk.* 253,) a bill was brought to have a lease
reformed and made according to promise. The defendant

Kirtland *v.* Schanck.

insisted on the statute of frauds, there being no contract in writing, nor any certain terms agreed on. *Held*, the statute did not apply. The statute can never be set up as a protection to fraud. (3 *Woodesson's Lectures*, 431, 435. *Walker* v. *Walker*, 2 *Atk.* 98. *Story's Eq.* § 768, *and cases cited. Mayne* v. *Griswold*, 3 *Sandf.* 479. *DePeyster* v. *Hasbrouck*, 11 *N. Y.* 582. *Mead* v. *Bunn*, 32 *id.* 275.)

*Francis Tillou*, for the respondents.

I. The plaintiffs did not request the judge to find any facts; and the exceptions filed, purporting to be exceptions, for that "the justice did not find the following facts," and "to his refusal to find the following facts," are of no avail, and must be disregarded. (*Sharp* v. *Wright*, 35 *Barb.* 236. *Smith* v. *Coe*, 29 *N. Y.* 666. *Ashley* v. *Marshall*, *Id.* 494.)

II. The contract set forth in the complaint, which the plaintiffs sought to have enforced, was that the defendants should procure the lease from the owner and sub-let to the plaintiffs at one half the price. The contract was not reduced to writing, but rested in the conversations of the parties, and they were useless and nugatory. 1. The alleged contract was void by the statute of frauds. The statute was enacted to meet such pretended claims. The language of the statute is: "Every contract for the leasing for a longer period than one year * * shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration thereof, be in writing, and be subscribed by the party. (2 *R. S.* 135 §§ 8, 9; *id.* 134, §§ 6, 7.) 2. The alleged contract being void under the statute, cannot be enforced, or made the basis of an action; neither party acquired any rights under it. 3. The defendants were not in any sense agents or trustees for the plaintiffs, and cases which were cited in this behalf at special term, have no bearing. In this case the defendants were alone to become bound to the owner. The

Kirtland *v.* Schank.

owner was only to know the defendants as her tenants, and only to have their obligations. The defendants were to sub-let to the plaintiffs, who were to become the defendants' tenants. 4. The rule is clearly laid down in the elementary treatises, as follows: "Although two persons enter into a treaty for the purchase of an estate, and one of them desists upon the other promising, by parol, to let him have the part of the estate he desired, yet, although such a contract is not illegal, it seems that this agreement cannot be enforced, on account of the statute of frauds." (*Sugden on Vendors,* 700, 14*th ed.*) A. and B. being severally in treaty to purchase a house and lot of land of I. S., they agree by parol that A. shall desist, and that B. shall purchase and let A. have part of the ground which he wanted, at a proportionable price. B. purchases, and refuses to perform the agreement. This agreement is within the statute of frauds. (*Lamas* v. *Bayly,* 2 *Vern.* 627. *Henderson* v. *Hudson,* 1 *Munford,* 510. *Smith* v. *Burnham,* 3 *Sumner,* 435, 463, *et seq.*) 5. The case before the court illustrates, with peculiar force, the truth of the remark of Sir William Grant, in a case in which an attempt was made to establish, by parol declarations and confessions of a party, a trust in real estate. "It is in all cases most unsatisfactory evidence, on account of the facility with which it may be fabricated, and the impossibility of contradicting it. Besides, the slightest mistake or failure of recollection may totally alter the effect of the declaration." 6. In the present case the defendants entered into special covenants as lessee with Mrs. Wyeth, the owner, and are bound personally to perform them. The defendants could not have called upon or required the plaintiffs to unite in those covenants, or to bear the burthen of them. The lease to the plaintiffs contains special covenants, but very different from those entered into by the defendants with Mrs. Wyeth. 7. The cases cited by the plaintiffs' counsel presented a different question, and turned upon principles

wholly distinct from those which can arise upon the facts of the present case. *Sweet* v. *Jacocks*, (6 *Paige*, 355,) was a case of pure agency, the agent buying on his own account. *Brown* v. *Lynch* (1 *Paige*, 147) was also a case of agency, and the agent was created into a trustee, having only an interest " as mortgagee, to secure the repayment of the purchase money and the payment of the sum agreed to be allowed him for his services." *Morey* v. *Herrick*, (18 *Penn.* 123,) was of the same general character; but the court say, (p. 128,) " As that part of the English statute of frauds which prohibits a parol declaration of trust, was not transferred to our act on the same subject, an express trust in lands may, with us, be orally declared." 8. The case before the court does not present any question of agency or trusteeship. The defendants were to lease the whole premises, to enter into all the necessary liabilities and covenants, and were then to sub-let to the plaintiffs. On their own theory, the plaintiffs were not to have any interest in the original lease; they were only to be sub-tenants of the defendants. The contract not being in writing, could not have been enforced in favor of the plaintiffs.

III. The conclusions of law, based upon the facts found by the court, were in all respects correct.

*By the Court,* INGRAHAM, P. J.   The findings of fact on the dismissal of the complaint are not material. The real question is, whether the evidence was sufficient to sustain the action. It is not, therefore, necessary to inquire whether those findings were in accordance with the evidence.

·The ground on which the plaintiff seeks to recover is, that there was a verbal agreement, between the parties, that the new lease to be given should be at one half the rent the defendants were to pay for the whole of the store. That when the lease was to be executed, the defendants

---

represented that they had to pay more rent than was expected, and thereby induced the plaintiffs to sign the lease for a larger sum than one half of the rent of the whole building.

If these statements are true, there would be sufficient to warrant the court to reform the lease; or, at any rate, to relieve the plaintiffs from the obligation to pay more than half of the entire rent.

The statute of frauds is not applicable to such a case. It would be, if the defendants had refused to give a lease to the plaintiff, according to the agreement. But where the allegation is that the lease was obtained by fraudulent representations, and was executed under misstatements of the defendants, the agreement by parol would be sufficient to maintain the cause of action.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

                             